**WO**                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodger Parker, | No. CV 09-2437-PHX-JAT (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Rodger Parker, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. On December 18, 2009, the Court dismissed the Complaint with leave to amend. After receiving an extension of time, Plaintiff filed an Amended Complaint on March 17, 2010 (Doc. #9) and a "Motion for Suspension of Rules" (Doc. #8).

In his Motion for Suspension of Rules, Plaintiff asks that the Court allow him to exceed the page limit in the Amended Complaint. The Court will grant the Motion and accept the Amended Complaint as filed. The Court will order Defendants Gilbert, Scott, Guerena, Larson, and McCarville to answer Counts I and II of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

1  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

**II.     Amended Complaint**

Plaintiff names the following Defendants in the Amended Complaint: Warden McCarville; Count Movement Officer Guerena; Corrections Officers Arredondo, Parks, Arvizo, Wilkinson, and Wilcox; Warden Larson; C.O. IV Scott; and C.O. III Gilbert.

Plaintiff raises four grounds for relief in the Amended Complaint, in which he alleges that upon returning to the Arizona Department of Corrections in August 2009, he was placed in a general population unit even though he has been convicted of a sex offense.

In Count I, Plaintiff claims that his Eighth Amendment rights were violated when

1 | Defendants Gilbert, Scott, and Guerena allowed him to be placed in a general population
2 | yard even though they were aware Plaintiff was a sex offender. Plaintiff alleges that he was
3 | assaulted by other inmates. Plaintiff also alleges that Defendants Arvizo and Wilkinson
4 | neglected to read Plaintiff's AIMS screening before placing Plaintiff in the general
5 | population unit.

In Count II, Plaintiff claims that Defendants Larson and McCarville signed off on Plaintiff's placement although they were aware of Plaintiff status as a sex offender and knew that Plaintiff's safety would be in danger in a general population unit.

In Count III, Plaintiff claims that Defendant Parks was deliberately indifferent to Plaintiff's safety when she encountered Plaintiff going to his unit and asked him why he was in a wheelchair. Plaintiff asked her to call a captain or shift commander on her radio but Defendants Parks said that she had to go and then left.

In Count IV, Plaintiff alleges that Defendants' actions constituted a violation of his equal protection rights.

Plaintiff seeks declaratory relief and money damages.

**III.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated an Eighth Amendment failure-to-protect claim against Defendants Gilbert, Scott, and Guerena in Count I and against Defendants McCarville and Larson in Count II. Although Plaintiff styles his claim as a Fourteenth Amendment claim in Count II, Plaintiff's allegations support a claim for relief under the Eighth Amendment and the Court will construe Count II as an Eighth Amendment claim.

**IV.    Failure to State a Claim**

    **A.    Count I–Defendants Wilkinson and Arvizo**

An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw

the inference. Id. at 837. Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Whitley v. Albers, 475 U.S. 312, 319 (1986)). The Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under § 1983. Davidson v. Cannon, 474 U.S. 344 (1986).

In Count I, Plaintiff claims that Defendants Wilkinson and Arvizo were negligent in failing to review Plaintiff's AIMS screening before allowing him to enter the general population unit. Plaintiff has not alleged facts showing that Defendants Wilkinson and Arvizo were deliberately indifferent to his safety. Because Plaintiff has only alleged that Defendants Wilkinson and Arvizo acted negligently, he has failed to state a § 1983 claim against them and they will be dismissed.

**B.     Count II**

In Count II, Plaintiff repeats his allegations against Defendants Gilbert, McCarville, Guerena, Wilkinson, Wilcox, and Arvizo. Because the factual allegations against these Defendants are the same factual allegations raised in Count I, the Court will dismiss as duplicative the claims in Count II against Defendants McCarville, Guerena, Wilkinson, Wilcox, and Arvizo.

**C.     Count III**

In Count III, Plaintiff alleges that Defendant Parks was deliberately indifferent when she encountered Plaintiff, in a wheelchair, on his way to his yard. Plaintiff alleges that Defendant Parks "asked why was [he] in a wheelchair." Plaintiff told her it was a long story and "asked her if she could call a capt. sgt. or shift com[m]ander on her radio for [him]." Defendant Parks told Plaintiff "she was in a hurry, she was ready to go home." Plaintiff told her that it was an emergency, "but she said that she had to go and she took off."

Plaintiff has not alleged facts to support his claims that Defendant Parks was deliberately indifferent to Plaintiff's health or safety. Although Plaintiff states he had an emergency, Plaintiff has not alleged what the emergency was nor has he alleged that Defendant Parks was aware of a threat to Plaintiff's health or safety but failed to act.

Plaintiff's claims in Count III are too conclusory to state a claim and will be dismissed.

**D.    Count IV**

In Count IV, Plaintiff reasserts the same allegations raised in Count I and alleges that his equal protection rights were violated. Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged he is a member of a protected class. The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, Plaintiff has failed to state a claim. Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently. The Court will dismiss Count IV for failure to state a claim.

**V.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's March 17, 2010 Motion for Suspension of Rules (Doc. #8) is **granted**; the Court will accept Plaintiff's Amended Complaint although it exceeds the page limit.

(2)     The duplicative portion of Count II, and Counts III and IV are dismissed without prejudice.

(3)     Defendants Arredondo, Parks, Wilkinson, and Wilcox are **dismissed** without prejudice.

(4)     Defendants Gilbert, Scott, and Guerena must answer Count I of the Amended Complaint and Defendants Larson and McCarville must answer Count II of the Amended Complaint.

(5)     The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms for Defendants Gilbert, Scott, Guerena, Larson, and McCarville.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)     The United States Marshal must retain the Summons, a copy of the Amended

1 Complaint, and a copy of this Order for future use.

2 (9) The United States Marshal must notify Defendants of the commencement of
3 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
4 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
5 Marshal must immediately file requests for waivers that were returned as undeliverable and
6 waivers of service of the summons. If a waiver of service of summons is not returned by a
7 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
8 Marshal must:

(a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants Gilbert, Scott, Guerena, Larson, and McCarville must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that

does not identify the specific Defendant by name on whose behalf it is filed.

(13)  This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 8th day of April, 2010.

James A. Teilborg
United States District Judge